UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| PATRICIA A. LONG and<br>AMARIS J. LONG,<br><br>Plaintiffs,<br><br>vs.<br><br>PEND OREILLE COUNTY<br>SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | )<br>)<br>) No. CV-04-344-AAM<br>)<br>) **ORDER DENYING**<br>) **MOTIONS FOR ORDER**<br>) **QUASHING SUBPOENAS**<br>) **AND FOR PROTECTIVE**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BEFORE THE COURT** are the plaintiffs' Motion For Order Quashing Subpoenas and Motion For Protective Order (Ct. Rec. 23 and 24).

Defendants have issued subpoenas for medical records to medical providers of plaintiff Patricia Long which she identified in answers to interrogatories propounded by defendants. Plaintiff assert the information sought by the subpoenas is overbroad and in turn, that much of the information sought is irrelevant to the issues in this litigation. Plaintiff Long asserts "the only information necessary to the defense and prosecution of this case would be medical records pertaining to 1) [her] sensitive heart syndrome; 2) acid reflux disease; and 3) damage to Plaintiff's thumb by the arresting officer."

Plaintiff has placed her medical condition into issue in this litigation. She seeks to recover

**ORDER DENYING MOTIONS TO QUASH**
**SUBPOENAS AND FOR PROTECTIVE ORDER- 1**

1 damages for physical conditions allegedly caused by the defendants, as well as emotional conditions. In an answer to one of the defendants' interrogatories, plaintiff indicates she has "suffered continuous stress for a period of 2 years from defendants' actions." Plaintiff is only to entitled to recover damages for conditions proximately caused by actions of the defendants found to be unconstitutional. Therefore, defendants are entitled to a broad scope of discovery with regard to medical information about the plaintiff. Said information is potentially relevant to plaintiff's claim and specifically, the issue of causation (i.e., are defendants' actions the sole proximate cause of plaintiff's physical and emotional condition, or was there a different cause or contributing causes?). Fed. R. Civ. P. 26(b)(1). The information need not be admissible at trial. Relevant information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence. *Id*.

The court is aware that medical information pertaining to sexually transmitted diseases, psychiatric/psychological treatment, and drug/alcohol abuse is especially sensitive. If there is any such information in the records requested[1], counsel for defendants understand their ethical obligation to use the information within the strict and legitimate confines of this litigation. With that caveat, plaintiffs' Motion For Order Quashing Subpoenas and Motion For Protective Order (Ct. Rec. 23 and 24) are **DENIED**. The parties shall bear their own fees and costs related to these motions.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel of record and to the pro se plaintiffs.

**DATED** this ___20th___ of June, 2005.

                        s/ Alan A. McDonald
                          ALAN A. McDONALD
                      Senior United States District Judge

---

[1] From the medical providers listed in answers to interrogatories, it is not apparent that plaintiff has undergone any psychiatric or psychological treatment.

**ORDER DENYING MOTIONS TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER- 2**